IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS SCHILK | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 04-5702 |
| | : | |
| DAVID DiGUGLIELMO et al. | : | |

**MEMORANDUM AND ORDER**

**Juan R. Sánchez, J.**                                                                                               April 11, 2006

      Thomas Schilk, who is serving a sentence of life without parole after a conviction for felony-murder, asks this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on nineteen grounds, all of which were completely and ably addressed in the report of Magistrate Judge David Strawbridge, recommending dismissing the petition. Schilk raises four objections to the Report and Recommendation, which I review *de novo* pursuant to 18 U.S.C. § 636. Finding each without merit, I will adopt the comprehensive Report and Recommendation of Magistrate Judge Strawbridge.

**FACTS**

      Schilk was convicted of felony-murder in the 1982 death of Felix Davila. Schilk and Davila met at a bar in Philadelphia and returned to the building in which Schilk shared an apartment with four others on the ground floor. Schilk and Davila went to one of the bedrooms in an empty third floor apartment where Davila undressed and Schilk tied Davila's hands and feet with cord from a venetian blind, at Davila's request, Schilk testified. After one failed sexual encounter, Schilk went downstairs to the first floor apartment, taking with him Davila's wallet and leaving Davila tied on the floor of the third floor room. While Schilk was on the first floor, Schilk and the others heard a loud crash – Davila's body landing on the metal basement access doors after a fall from the third

floor window.

Schilk failed to persuade his roommates to help move Davila's body and then fled when the police arrived on the scene. Schilk was arrested three weeks later in Louisiana and extradited to Pennsylvania. Schilk was convicted in 1986 of robbery and second-degree murder. The trial court sentenced Schilk to life in prison on the felony-murder count, suspending the robbery sentence to avoid any double jeopardy implication.

The Superior Court affirmed Schilk's conviction on direct appeal on September 26, 1990, *Commonwealth v. Schilk*, 583 A.2d 835 (Pa. Super. Ct. 1990) (table), and the Pennsylvania Supreme Court denied allocatur on August 8, 1991, *Commonwealth v. Schilk*, 597 A.2d 1152 (Pa. 1991) (table). Schilk's judgment of sentence became final November 7, 1991.[1] On January 16, 1997, Schilk filed a timely *pro se* petition under the Post Conviction Collateral Relief Act (PCRA), 42 Pa. C.S. § 9541 *et seq*.[2] The PCRA court dismissed Schilk's petition and the Superior Court affirmed on January 18, 2002. *Commonwealth v. Schilk*, 797 A.2d 376 (Pa. Super. Ct. 2003) (table). The Pennsylvania Supreme Court denied allocatur on September 30, 2004. *Commonwealth v. Schilk*, 859 A.2d 768 (Pa. 2004) (table). Schilk filed this timely petition for writ of habeas corpus on

---

[1] A judgment becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa. C.S. § 9545(b)(3).

[2] In 1995, Pennsylvania amended its PCRA statute to include a new time limitation for the filing of PCRA petitions. 42 Pa. C.S. § 9545(b). Under section 9545(b), a "PCRA petition must 'be filed within one year of the date the judgment becomes final' unless one of enumerated exceptions applies, or the petitioner qualifies for the provision's one year grace-period for first petitions." *Baker v. Horn,*, 210 F. Supp. 2d 592, 613-14 (E.D. Pa. 2002). Under the grace period of the PCRA amendments, Schilk had until January 16, 1997, to file a timely first PCRA petition. *Commonwealth v. Williams*, 828 A.2d 981, 987 (Pa. 2003).

December 9, 2004.[3]

In his objections to the Report and Recommendation, Schilk renews his claims of trial court error in its instructions to the jury on kidnaping and flight, and refusing to appoint new counsel. This Court has reviewed *de novo* the record regarding each of Schilk's objections and finds each without merit. Schilk also generally repeats his nineteen complaints stemming from the state court proceedings; the Magistrate Judge's Report ably deals with each of those and there is no need to repeat his discussion here.

**DISCUSSION**

This Court may grant a writ of habeas corpus only if the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1);[4]

---

[3]A state prisoner has one year after his judgment of sentence becomes final to file a petition for writ of habeas corpus under the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, codified in relevant part at 28 U.S.C. §§ 2241-55. Because Schilk's conviction was final before AEDPA's effective date of April 24, 1996, he had until April 24, 1997 to file a timely petition. *Duncan v. Walker*, 533 U.S. 167, 183-84 (2001); *Burns v. Morton*, 134 F.3d 109, 111-12 (3d Cir. 1998). A properly filed state petition tolls the one-year limitation of AEDPA. 28 U.S.C. § 2244(d). Schilk had a properly filed state PCRA petition when the one-year grace period of AEDPA expired, so Schilk was only required to file his petition for a writ of habeas corpus within a year of the final denial of his PCRA petition.

[4]**28 U.S.C. § 2254. State custody; remedies in Federal courts**
    **(a)** The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
    **(b)(1)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
    **(A)** the applicant has exhausted the remedies available in the courts of the State; or
    . . .
    **(d)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the

*Yarborough v. Alvarado*, 124 S. Ct. 2140, 2144 (2004). Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle, but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 413 (2000).

Schilk misreads the Report and Recommendation when he argues the Magistrate Judge erred in finding procedural default of his claim he received ineffective assistance of counsel at trial when counsel failed to request a jury instruction that an expert opinion based on hypothetical questions is low-grade evidence. The Report and Recommendation notes Schilk's argument regarding a low-grade evidence charge was properly preserved in his PCRA petition and finds the state court properly applied the prejudice standard of *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Court established a three-prong test to analyze ineffective assistance of counsel claims. 466 U.S. at 687. The defendant must show counsel's performance was deficient, without strategic or reasonable basis, and the deficiency prejudiced the defendant. *Strickland*, 466 U.S. at 697. In this case, the Magistrate Judge's Report analyzes the trial court's instruction to the jury on weighing evidence and properly finds Schilk was not prejudiced by the omission of a single evidentiary turn of phrase. When I review the trial court's charge to the jury *de novo*, I find defense counsel's vigorous cross-examination coupled with the court's instructions regarding credibility and weight gave the jury all of the tools it needed to evaluate the speculative testimony of the medical examiner.

---

adjudication of the claim--
> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Schilk also argues the Report and Recommendation improperly attributes a reported error in the jury instruction on kidnaping to a stenographic mistake rather than a constitutional violation. Schilk has raised this claim in every appellate and collateral filing he has made, to no avail. The transcript of Schilk's trial stands in stark contrast to the usually excellent work of court reporters. The trial court judge identified 128 errors of sufficient magnitude to warrant correction; he allowed myriad others to pass uncorrected. Among the transcription errors was the trial judge's reported instruction "each of the elements of [kidnaping] have been established beyond a reasonable doubt." (Trial Tr. 77, May 27, 1986.) The trial judge reasonably and reliably suggests he said "have to be" established beyond a reasonable doubt. (Tr. ct. op. 39, Mar. 21, 1990.)

Considering the charge as a whole, which I must to determine its conformity with constitutional norms, I find no prejudice to Schilk. *Cupp v. Naughten,* 414 U.S. 141, 146-47 (1973) (holding "a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge");*United States v. Dobson*, 419 F.3d 231, 239 (3d Cir. 2005) (same). Even if the trial court committed a slip of the tongue, the charge goes on for two more pages to define the elements of kidnaping including admonishing the jury to "[e]valuate the evidence. If all those elements have been proved beyond a reasonable doubt, you find kidnaping for the purpose of the underlining [underlying?] felony of felony murder. If they have not, no underlining [underlying?] felony of kidnaping has been proved." (Trial Tr. 79.)

The jury did not need to find Schilk guilty of kidnaping to find felony murder because he was also charged with robbery, for which felony the jury found him guilty. Conversely, an uncharged felony may provide the felony prong to prove felony-murder. *Commonwealth v. Giles*, 456 A.2d 1356, 1359 (Pa. 1983) (holding "[w]here a murder is alleged to have been committed in the perpetration of a felony, there is no requirement that the defendant actually be charged with the

underlying felony"). The Report and Recommendation properly finds no error by counsel or prejudice under *Strickland* in counsel's failure to object to an instruction which was more likely than not given correctly. Thus, counsel's performance meets constitutional muster.

Schilk also repeats his claim he received ineffective assistance of counsel when counsel failed to object to the trial court's instruction regarding flight. Schilk's claim was procedurally defaulted in the state by his failure to raise the issue in his PCRA petition so this court considers it under a cause and prejudice standard.[5] I find no prejudice to Schick in the trial court's properly framed charge on the question of flight.[6] The trial court is free to select its own form of expression in a jury charge. *Commonwealth v. McComb*, 341 A.2d 496, 498 (Pa. 1975). A constitutionally proper flight instruction, such as the one given in this case, tells the jury it may consider flight evidence of a consciousness of guilt, but it is not required to do so. *Commonwealth v. Lukowich*, 875 A.2d 1169, 1175 (Pa. Super. Ct. 2005). Counsel will not be faulted for failing to make a frivolous objection. *Commonwealth v. Wilkerson*, 416 A.2d 477, 479 (Pa. 1980) (counsel is deemed to be ineffective only if the issue is of arguable merit).

---

[5] When a claim is procedurally defaulted, the habeas petitioner "has deprived the state courts of an opportunity to address those claims in the first instance." *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). To prevail, a prisoner must demonstrate good cause for not following the state procedural rule and the prejudice he suffered by not having done so. *Edwards v. Carpenter*, 529 U.S. 446, 455 (2000).

[6] The flight instruction in this case includes:
> flight or concealment does not necessarily show consciousness of guilt in each and every case. In fact, an innocent man, when placed by circumstance or condition of suspicion, may be thought of avoiding force of such proof. Innocent men often flee to conceal some other type of emotion. The doctrine of flight or concealment is a circumstance that tends to prove that a person's consciousness of guilt is based on the premise that a person who flees does so in recognition of his wrong doing and is seeking to avoid punishment for that conduct. . . .

(Trial Tr. 48-49.)

Schilk misunderstands the role of a habeas court with respect to claims of state court error in his objection to the Report and Recommendation regarding his demand for new counsel before trial. The federal courts have no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension. *Smith v. Horn*, 120 F.3d 400, 414 (3d Cir. 1997) (citations omitted). Although the right to counsel is absolute, there is no absolute right to a particular counsel; a motion for change of counsel shall not be granted except for substantial reasons under both state and federal law. Pa. R. Crim. P. 316(c)(ii); *Commonwealth v. Person*, 498 A.2d 432, 436 (Pa. Super. 1985) (the Sixth Amendment does not guarantee rapport between client and counsel); *United States v. Welty*, 674 F.2d 185, 188 (3d Cir.1982) (holding good cause is a conflict of interest, a complete breakdown of communication, or an irreconcilable conflict with the attorney).

Each of Schilk's objections is without merit. The Report and Recommendation of Magistrate Judge Strawbridge so thoroughly analyzed each of Schilk's complaints in his petition and brief there is no need to remap the terrain. I understand and have a degree of sympathy with Schilk's surprise at spending life in prison when he was two stories removed when Davila fell to his death. The felony murder rule is, however, grounded in culpability not geography. *Commonwealth v. Wright*, 317 A.2d 271, 275 (Pa. 1974) (holding a sexual predator responsible for the death of a girl who fell from a window ledge).

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS SCHILK | : | CIVIL ACTION |
| | : | |
| V. | : | NO. 04-5001 |
| | : | |
| DAVID DiGUGLIELMO et al. | : | |

## **ORDER**

And now this 11th day of April, 2006, it is hereby ORDERED:

- The Report and Recommendation of Magistrate Judge Strawbridge is ADOPTED;

- Petitioner's objections are OVERRULED;

- The Petition for Writ of Habeas Corpus is DENIED; and,

- There are no grounds for a certificate of appealability.

BY THE COURT:

\s\ Juan R.Sánchez
Juan R. Sánchez, J.